# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MACKEY, | No. 2:14-cv-2474-TLN-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION |
| NEGOUCHI, | |
| Defendant. | |
| _____ / | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1) and motions for an emergency injunction (Docs. 8, 9).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means

that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff alleges he has been subjected to various forms of harassment by the defendants.  Such harassment includes being verbally harassed (being called derogatory names), subjected to yard moves, undocumented cell searches, property destruction, and the refusal to acknowledge various forms.  Plaintiff does not identify what Constitutional rights have been violated, but for the sake of discussion, the undersigned assumes he is attempting to allege an Eighth Amendment violation for the alleged harassment he has been subjected to.

## II. DISCUSSION

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth Amendment "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency."  Estelle v. Gamble, 429 U.S. 97, 102 (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety."  Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious

such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind."  See id.   Allegations of verbal harassment do not state a claim under the Eighth Amendment unless it is alleged that the harassment was "calculated to . . . cause [the prisoner] psychological damage."  Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987); see also Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), amended by  135 F.3d 1318 (9th Cir. 1998).  In addition, the prisoner must show that the verbal comments were unusually gross, even for a prison setting, and that he was in fact psychologically damaged as a result of the comments.  See Keenan, 83 F.3d at 1092.

Here, while plaintiff claims he has been subjected to various harassments by the defendants, none of the allegations raise to an Eighth Amendment violation.  None of the acts alleged have been so serious that it would result in the denial of the minimal civilized measure of life's necessities, nor that the harassing comments were intended to cause him psychological damage.  Therefore, the undersigned finds no claim for an Eighth Amendment violation.

Plaintiff may be attempting to claim denial of due process in regards to the destruction of property.  Where a prisoner alleges the deprivation of a liberty or property interest caused by the random and unauthorized action of a prison official, there is no claim cognizable under 42 U.S.C. § 1983 if the state provides an adequate post-deprivation remedy.  See Zinermon v. Burch, 494 U.S. 113, 129-32 (1990); Hudson v. Palmer, 468 U.S. 517, 533 (1984).  A state's post-deprivation remedy may be adequate even though it does not provide relief identical to that available under § 1983.  See Hudson, 468 U.S. at 531 n.11.  A due process claim is not barred, however, where the deprivation is foreseeable and the state can therefore be reasonably expected to make pre-deprivation process available.  See Zinermon, 494 U.S. at 136-39.  An available state common law tort claim procedure to recover the value of property is an adequate remedy. See id. at 128-29.

3

To the extent plaintiff is claiming damage to, or unlawful confiscation of, his property, the state offers adequate post-depravation remedy that forestalls any such claim here.

### III.  TEMPORARY RESTRAINING ORDER

In addition to his complaint, plaintiff has also filed motions for emergency injunctions.  Plaintiff is requesting this court issue an order preventing his transfer to another prison.  He claims a contract for murder has been put out on him, but fails to provide any other information.

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established.  To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction.  See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365 (2008)).  To the extent prior Ninth Circuit cases suggest a lesser standard by focusing on the mere possibility of irreparable harm, such cases are "no longer controlling, or even viable."  Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009).  Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction;  (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest.  See Stormans, 586 F.3d at 1127 (citing Winter, 129 S. Ct. at 374).

Here, plaintiff's request for a temporary restraining order fails at the outset as he fails to show that he is likely to succeed on the merits of this action.  As his complaint is being dismissed for failure to state a claim, there has been no showing that plaintiff is likely to succeed on the merits. In addition, there is nothing in his complaint as to any murder contracts.  What ever claims he may have in regards to a murder contract do not appear in this case, and the undersigned assumes they are against some other, unrelated individual.

It is further unclear as to whom he is requesting the court to issue such an order against.  There is no information in the complaint or motions that any of the named defendants

would be in charge of the decision to transfer plaintiff to another prison. This court is unable to issue an order against individuals who are not parties to a suit pending before it. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).

Plaintiff's simply fails meet his burden to show this court has the authority to issue the restraining order requested. Accordingly, his requests for a temporary restraining order or emergency injunction should be denied.

### VI. CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that:

1. Plaintiff's complaint (Doc. 1) be dismissed without leave to amend; and
2. Plaintiff's motions for temporary injunction (Docs. 8, 9) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 18, 2015

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE